Dye, J. (dissenting).
I agree that in each case the information is sufficient to state a violation of section 1141 of the Penal Law, within the meaning of our prior decision, People v. Finkelstein (9 N Y 2d 342), and that on the retrial the proof adduced by the People was sufficient to impose upon the defendants the burden of going forward to overcome it.
I cannot agree that the convictions should stand.
When the defendants attempted to meet their burden by offering proof that other books and magazines of similar content were being freely and openly sold, and this according to the People’s witness Dell, in many other stores in the community, for the purpose of affording a basis of comparison for determining permissibility of sale, the court summarily rejected the offer as improper and irrelevant.
In so ruling, it is quite clear that contemporary community standards were not considered in arriving at the verdict. It may well be that such offer, if allowed, would not have changed the court’s conclusion as to the obscene character of the books involved, but even so that does not warrant closing the door on a possible defense. The criminality of the act was thus made to “ depend upon whether a [judge] may think it reasonable ” (Tozer v. United States, 52 F. 917, 919; People v. Firth, 3 N Y 2d 472). The Trial Judges “ established] a standard of their own to be used as a basis to render the section possible of execution ” (United States v. Cohen Grocery Co., 255 U. S. 81, 91).
Even if I were to assume arguendo that the court below took judicial notice of the contemporary standards of the community, I would agree with Justices Frankfurter and Hablan of the United States Supreme Court that the First and Fourteenth Amendments to the United States Constitution require a trial court ‘ ‘ to allow light to be shed on what those ‘ contemporary community standards ’ are ” (Smith v. California, 361 U. S. 147, 165, concurring opinion; see 9 Wigmore, Evidence [3d ed.], § 2567). The rulings of the trial court take on even greater significance when it is recognized that under the prevailing law in this State (see People v. Muller, 96 N. Y. 408) expert testimony is likewise inadmissible in an obscenity prosecution. The summary exclusion by the court of relevant evidence against the charges for the reason that ‘1 That is not the way standards are made ” deprived these defendants of the fair trial to which they were entitled. Such exclusion had the effect of barring all *310 evidence relating to community standards. At the very least, they should have been allowed to lay a basis for comparison. The rulings, as made, rendered these convictions constitutionally defective since “ The community cannot, where liberty of speech and press are at issue, condemn that which it generally tolerates.” (Smith v. California, supra, p. 171.)
I dissent and vote to order a new trial as to each defendant.
Judges Burke and Foster concur with Judge Froessel ; Chief Judge Desmond and Judge Van Voorhis concur in separate opinions; Judge Dye dissents in an opinion in which Judge Fund concurs.
Judgments affirmed.